**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PIERRE YOUSSEF | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 1-080V01140 RWR |
| DISTRICT OF COLUMBIA, et al. | * | JUDGE: Richard W. Roberts |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO COMPLAINT

Defendant, VMS, Inc., by counsel, Timothy E. Fizer and Krause, Fizer, Crogan & Lopez, and pursuant to the Federal Rules of Civil Procedure, hereby answers the Complaint in the above-captioned matter, and states:

1. This defendant is without sufficient information or knowledge to be able to admit the allegations contained in paragraph 1 of the Complaint, and therefore denies same, demanding strict proof thereof.

2. With respect to the paragraphs identified as "3" in the plaintiff's Complaint, this defendant states that it is without sufficient knowledge or information to be able to admit the allegations contained in the first two paragraphs labeled "3," therefore denying same, and demanding strict proof. With respect to the third paragraph labeled "3," this defendant admits that it is a Virginia corporation, but denies the remainder of the allegations contained in said paragraph of the Complaint.

3. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 4 of the Complaint, and therefore denies same, demanding strict proof thereof.

4. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 5 of the Complaint, except that it denies the allegations contained in said paragraph as would apply to this defendant, therefore denying same, and demanding strict proof thereof.

5. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 6 of the Complaint, and therefore denies same, demanding strict proof thereof.

6. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 7 of the Complaint, and therefore denies same, demanding strict proof thereof.

7. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 8 of the Complaint, and therefore denies same, demanding strict proof thereof.

8. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 9 of the Complaint, and therefore denies same, demanding strict proof thereof.

9. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 10 of the Complaint, and therefore denies same, demanding strict proof thereof.

10. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 11 of the Complaint, and therefore denies same, demanding strict proof thereof.

11. This defendant is not required to respond to the allegations contained in paragraph 12 of the Complaint, as said allegations relate to jurisdiction only.

12. This defendant hereby incorporates by reference, as if fully set forth herein, its responses to the allegations contained in paragraphs 1 through 12 of the Complaint, with respect to that paragraph labeled "11" under Count I of the Complaint.

13. This defendant is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 12 of the Complaint appearing under Count I, and therefore denies same, demanding strict proof thereof.

14. This defendant states that it is without sufficient knowledge or information to be able to admit the allegations contained in paragraph 13 of the Complaint with respect to the co-defendants, but it specifically denies such duty alleged in paragraph 13 of the Complaint with respect to this defendant.

15. This defendant is without sufficient knowledge or information to be able to admit to the allegations contained in paragraph 14 of the Complaint, and therefore denies same, demanding strict proof thereof.

16. This defendant denies the allegations contained in paragraph 15 of the Complaint.

17. This defendant denies the allegations contained in paragraph 16 of the Complaint.

18.     This defendant denies the allegations contained in paragraph 17 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

19.     The Complaint fails to state a cause of action upon which the relief requested from this defendant may be granted.

20.     This defendant generally denies liability.

21.     Some or all of the plaintiff's claims are or may be barred in whole or in part by the plaintiff's contributing negligence.

22.     Some or all of the plaintiff's claims for relief are or may be barred in whole or in part by the doctrine of assumption of risk.

23.     Some or all of the plaintiff's claims for relief are or may be barred in whole or in part by the applicable statute of limitations.

24.     This defendant generally denies liability.

25.     This defendant specifically reserves the right to amend or supplement its Answer so as to plead any additional affirmative or other defenses upon which it may be entitled to rely, but of which it is currently unaware because of ongoing yet incomplete discovery and investigation.

                                                                       /s/
                                        Timothy E. Fizer, #366705
                                        Krause, Fizer, Crogan & Lopez
                                        P.O. Box 926
                                        Baltimore, Maryland  21203
                                        (410) 261-3800
                                        Attorneys for Defendant
                                        VMS, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10 day of November 2006, a copy of the foregoing Answer to Complaint was servedby electronic delivery, to:

Ira C. Wolpert, Esquire
Caplan, Buckner, Kostecka & Korteling, Chartered
3 Bethesda Metro Center, Suite 530
Bethesda, Maryland 20814
Attorney for Plaintiff

and by first-class mail, postage prepaid, to:

District of Columbia
Mayor's Office
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C. 20004
Co-Defendant

United States Department of The Interior
National Capital Region
Solicitor's Office
1849 C Street, N.W.
Washington, DC 20240
Co-Defendant

.

_____
Timothy E. Fizer