# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIERRE YOUSSEF | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 06- 1140 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.,* | ) |
| | ) |
| | ) |
| Defendants, | ) |
| | ) |

## DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO THE PLAINTIFF'S COMPLAINT

Defendant District of Columbia (hereinafter "the District"), by and through undersigned counsel, hereby answers the Plaintiff's Complaint as follows:

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense [1]

The District states the following in response to the individually numbered paragraphs in the Plaintiff's Complaint:

1. The District is without sufficient information to admit or deny the allegations contained in paragraph one.

---

[1] The Plaintiff's Complaint contains two numbering errors. First, the Plaintiff numbers three paragraphs with the number "3". Second, the Plaintiff uses the numbers "11" and "12" twice. To clarify the Undersigned has simply numbered all of the paragraphs in this Answer in proper sequence and referenced the paragraphs of the Plaintiff's Complaint that are being responded to in each of the paragraph of this Answer.

2. With respect to the first paragraph identified as "3" in the Plaintiff's Complaint, the District admits that it is a governmental entity, but is without sufficient information to admit or deny the remaining allegations contained in this paragraph.

3. With respect to the second paragraph identified as "3" in the Plaintiff's Complaint, the District is without sufficient information to admit or deny the allegations contained in this paragraph.

4. With respect to the third paragraph identified as "3" in the Plaintiff's Complaint, the District is without sufficient information to admit or deny the allegations contained in this paragraph.

5. The District is without sufficient information to admit or deny the allegations contained in the paragraph of Plaintiff's Complaint identified as "4".

6. The allegations asserted in the paragraph identified as "5" of the Plaintiff's Complaint are legal conclusions to which no response is required. However, if a response is required, the District denies the allegations and demands strict proof thereof at trial.

7. The District is without sufficient information to admit or deny the allegations contained in the paragraph of Plaintiff's Complaint identified as "6".

8. The District is without sufficient information to admit or deny the allegations contained in the paragraph of Plaintiff's Complaint identified as "7".

9. The District denies liability for the plaintiff's claim as stated in the paragraph identified as "8" in the Plaintiff's Complaint. The District is without sufficient knowledge to admit or deny the remaining allegations in that paragraph.

10. The District denies liability for the Plaintiff's claim as stated in the paragraph identified as "9" in the Plaintiff's Complaint. The District is without sufficient knowledge to admit or deny the remaining allegations in that paragraph.

11. The District is without sufficient knowledge to admit or deny the allegations in the paragraph identified as "10" in the Plaintiff's Complaint.

12. The District is without sufficient knowledge to admit or deny the allegations contained in the paragraph of the Plaintiff's Complaint identified as "11".

13. The allegations asserted in the paragraph identified as "12" of the Plaintiff's Complaint are legal conclusions to which no response is required. The District acknowledges the statutes cited in that paragraph, but does not admit that jurisdiction necessarily is conferred therefrom.

## COUNT I
### (Negligence – All Defendants)

14. The District hereby incorporates its responses to all above numbered paragraphs of the Complaint in its answer to the second paragraph identified as "11" in the Plaintiff's Complaint.

15. The District is without sufficient knowledge to admit or deny the allegations contained in the second paragraph identified as "12" of the Plaintiff's Complaint.

16. The allegations asserted in the paragraph identified as "13" of the Plaintiff's Complaint are legal conclusions to which no response is required.

17. The District is without sufficient knowledge to admit or deny the allegations contained in the paragraph identified as "14" of the Plaintiff's Complaint.

18. The allegations in the paragraph identified as "15" of the Plaintiff's Complaint contain legal conclusions and a statement of claims of and by the pleader to which no response is required. However, if a response is required, the District denies the allegations and demands strict proof thereof at trial.

19. The allegations in the paragraph identified as "16" of the plaintiff's Complaint contain legal conclusions and a statement of claims of and by the pleader to which no response is required.

However, if a response is required, the District denies the allegations and demands strict proof thereof at trial.

20. The allegations in the paragraph identified as "17" of the Plaintiff's Complaint contain legal conclusions and a statement of claims of and by the pleader to which no response is required. However, if a response is required, defendant denies the allegations and demands strict proof thereof at trial.

### Third Defense

If plaintiff was injured and/or damaged as alleged in the Plaintiff's Complaint, said injuries and/or damages resulted from Plaintiff's own willful conduct.

### Fourth Defense

If Plaintiff was injured and/or damaged as alleged in the Plaintiff's Complaint, said injuries and/or damages resulted from Plaintiff's own contributory negligence and/or assumption of the risk and/or the negligence of the plaintiff for failure to follow appropriate traffic laws. The District reserves the right to incorporate any additional facts supporting this defense if further information arises in the course of discovery.

### Fifth Defense

If Plaintiff was injured and/or damaged as alleged in the Plaintiff's Complaint, said injuries and/or damages resulted from the sole or concurring negligence of a person or persons other than the District, its employees, agents or servants acting within the scope of their employment.

### Sixth Defense

All actions performed by the District, its employees, servants, or agents acting within the scope of their employment, met or exceeded the applicable standard of care.

### Seventh Defense

Plaintiff might have failed to mitigate any damages that she may have incurred.

### Eighth Defense

Plaintiff's claim may be barred by the applicable statute of limitations.

### Ninth Defense

Plaintiff may have failed to comply with the mandatory notice requirements of D.C. Code § 12-309 (2001 ed.).

### Tenth Defense

Plaintiff's claim might be barred by sovereign immunity, discretionary immunity, the Public Duty doctrine, or any other form of governmental immunity.

### Eleventh Defense

The District has neither actual nor constructive notice of the existence of weak or defective trees that could have fallen near or around the 4900 block of Canal Road, NW, Washington D.C.

### Set-off

Defendant asserts a set-off for all funds and services provided to the Plaintiff through Medicare, Medicaid, public assistance or other sources.

WHEREFORE, the District prays the Court dismiss the Plaintiff's Complaint and award it the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General for the District of Columbia


GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

          /s/
_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III

          /s/
_____
JAMES H. VRICOS [474026]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
202) 724-6600
(202) 727-3625 (fax)
E-mail: James.Vricos@dc.gov