UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

PIERRE YOUSSEF

    Plaintiff

v.

DISTRICT OF COLUMBIA, et al.

    Defendants.

Civil Action No. 06-1140 (RWR)

**JOINT RULE 16.3 REPORT AND JOINT RULE 26(F) DISCOVERY PLAN**

    Pursuant to the Court's Order for Initial Scheduling Conference and Local Rule 16.3(c) and (d), counsel for Plaintiff, the District of Columbia, and VMS conferred on January 8, 2007 with respect to the matters set forth in Rule 26(f) and Local Rule 16.3(c). No responsive pleading has been filed by the United States, and the United States did not participate in the conference. All references herein to the "parties" refer to the Plaintiff, the District of Columbia, and VMS. The parties report as follows as follows:

**PRELIMINARY STATEMENT**

    This is a personal injury action in which Plaintiff alleges that one or more of the defendants negligently maintained a tree next to a roadway in the District of Columbia. Plaintiff alleges that he suffered personal injuries and property damage when the tree fell onto his car.

    The parties agree that the preliminary factual issue in this case involves the location of the tree at issue, ownership of the tree, and responsibility for maintenance of the tree. The parties are of the opinion that if it is established factually that the tree was located on property owned by the United States, then the District of Columbia and VMS may have no liability to Plaintiff. Conversely, the parties are of the opinion that if it is established factually that the tree was located on property owned by the District of Columbia, then it may be appropriate to terminate further proceedings in this Court and transfer this case to the Superior Court for the District of Columbia for further proceedings.

**MATTERS DISCUSSED AT CONFERENCE**

    (1)    <u>Whether the Case Is Likely to Be Disposed of by Dispositive Motion</u>. No dispositive motion has been filed. The parties believe that the liability of certain defendants may be disposed of by dispositive motion.

(2) <u>Date of Joinder and Amendment; Narrowing of Issues</u>. The parties are unaware of any additional parties to be joined or amendment requires of the pleadings. The parties believe that certain factual disputes may be narrowed.

(3) <u>Whether the Case Should Be Assigned to a Magistrate Judge.</u> The parties agree that the case should not be assigned to a Magistrate Judge.

(4) <u>Possibility of Settlement</u>. The parties are unable to determine at this time whether there is a realistic possibility of settlement.

(5) <u>ADR Procedures</u>. The parties agree that this case may benefit from the Court's ADR procedures after initial discovery has taken place.

(6) <u>Dispositive Motions Schedule</u>. The parties agree that certain issues may be disposed of by dispositive motion. The parties will request that the motions deadline not be earlier than 30 days after the close of discovery.

(7) <u>Initial Disclosures</u>. The parties agree to dispense with initial disclosures described in Rule 26(a)(1).

(8) <u>Anticipated Extent of Discovery, Length, and Limits</u>. The parties believe that the Standard Case discovery schedule set forth in Appendix I to the Court's Order for Initial Scheduling Conference is appropriate for this case. The parties believe that discovery should proceed first as to control and ownership of the tree at issue, and that the Court should consider a status conference after such discovery is completed to determine further deadlines and schedules in the case.

(9) <u>Expert Disclosures</u>. The parties agree that the requirement of a written report should be waived; the parties agree that each party should retain the right to depose any expert identified by any other party

(10) <u>Class Actions</u>. N/A

(11) <u>Bifurcation of Trial and Discovery</u>. The parties agree that discovery should be bifurcated as to liability and damages. However, the parties believe that they may need further guidance from the Court as to fashioning an appropriate order for bifurcation. The parties believe that upon completion of discovery as to liability, that certain parties may be dismissed, and it may be appropriate at that time for this case to be transferred to another Court of appropriate jurisdiction. The parties propose that a status conference be set upon the completion of discovery as to liability, and the resolution of any dispositive motions associated therewith.

(12) <u>Date for Pretrial Conference.</u> The parties agree that a status conference should be held after the completion of discovery and dispositive motions relating to liability.

(13) <u>Scheduling of Trial Date</u>. The parties agree the Court should not be selected until the Pretrial Conference.

(14) <u>Other Matters</u>. The parties are not aware of any other matters to bring to the Court's attention at this time.

- 3 -

                                                Respectfully submitted,

Dated January 8, 2007 _____    _____
David P. Korteling (MD013151)
3 Bethesda Metro Center
Suite 530
Bethesda, MD 20814
(301) 718-1900
(301) 718-8359 (fax)
Dkorteling@caplanbuckner.com
Attorney for Plaintiff


_____
James A. Vricos (474026)
Assistant Attorney General
441 Fourth Street, NW
Sixth Floor South
Washington, DC 20001
(202) 724-6600
(202) 727-3625
James.Vricos@dc.gov


_____
Timothy E. Fizer (366705)
Krause, Fizer, Crogan & Lopez
PO Box 926
Baltimore, MD 21203
Timothy.Fizer@zurichna.com