UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIERRE YOUSSEF, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 06-1140 (RWR) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| and ) | |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF THE INTERIOR, ) | |
| ) | |
| and ) | |
| ) | |
| VMS, INC., ) | |
| ) | |
| Defendants. ) | |

**FEDERAL DEFENDANT'S MOTION TO DISMISS
COMPLAINT WITH PREJUDICE**

Federal Defendant, the United States Department of the Interior (the "Department"), by its undersigned attorneys, respectfully moves this Court to dismiss all claims against it, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of jurisdiction and failure to state a claim upon which relief can be granted. Plaintiff, represented by counsel, seeks relief against the Federal Defendant under the Federal Tort Claims Act ("FTCA").[1] Because Plaintiff failed to file a timely administrative claim with the appropriate federal agency within two years after his alleged incident occurred – a prerequisite for seeking relief under the FTCA – Plaintiff has failed to exhaust his administrative remedies. As the statute of limitations for filing

---

[1] *See* 28 U.S.C. §§ 2671-2680.

an administrative claim has expired, the Federal Defendant is entitled to dismissal of all claims against it in this action.

In support of this Motion, the Court is respectfully referred to the accompanying Memorandum of Points and Authorities, supporting Exhibits, and proposed Order. Further, in the event that the Court treats Defendant's Motion to Dismiss as a Motion for Summary Judgment, due to the attached Exhibits, Defendant has included a Statement of Material Facts As to Which There is No Genuine Dispute.

        Respectfully submitted,

        _Jeffrey A. Taylor_
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        _Rudolph Contreras_
        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        _s/Sherease Louis_
        SHEREASE LOUIS
        Special Assistant United States Attorney
        United States Attorney's Office
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 307-0895

Of Counsel:
Alton E. Woods, Assistant Solicitor,
Perri S. Rothemich, Attorney-Adviser
U.S. Department of the Interior
1849 C. Street N.W.
Washington, D.C. 20240

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIERRE YOUSSEF, | ) |
| | ) |
|           Plaintiff, | ) |
|   v. | ) Civil Action No. 06-1140 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
|           and | ) |
| | ) |
| UNITED STATES DEPARTMENT | ) |
| OF THE INTERIOR, | ) |
| | ) |
|           and | ) |
| | ) |
| VMS, INC., | ) |
| | ) |
|           Defendants. | ) |

**FEDERAL DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

The United States Department of the Interior submits the following Statement of Material Facts As to Which There Is No Genuine Dispute, in accordance with Local Rule 7h:

1. On September 11, 2003, the National Park Service received a letter, dated August 27, 2003, from Plaintiff's counsel. The letter referenced an automobile accident that allegedly occurred on June 26, 2003, and stated "Mr. Youssef intends to file a claim against the National Park Service, for its negligent maintenance of the area along outbound Canal Road." *See* Government Exhibit 1, Plaintiff's Letter dated August 27, 2003.

2. In a letter dated September 12, 2003, the National Park Service acknowledged receipt of Plaintiff's letter, and stated "[i]t is unknown whether this is an area administered by the National Park Service or the District of Columbia." Further, the letter requested "that Mr.

Youssef meet with our staff in the area of the incident to determine jurisdiction." *See* Government Exhibit 2, Federal Defendant's Letter, dated September 12, 2003; Complaint at 7.

3.  The National Park Service's response contained instructions on how to file an administrative tort claim. *See* Government Exhibit 2, Federal Defendant's Letter, dated September 12, 2003.

4.  The National Park Service's response also contained an attachment, Standard Form 95, Claim for Damage, Injury or Death. *See* Government Exhibit 2, Federal Defendant's Letter dated September 12, 2003, Attachment "A".

5.  Plaintiff's counsel received the National Park Service's response on September 15, 2003, as evidenced by the Certified Mail Receipt attached as Exhibit 3. *See,* Government Exhibit 3, Certified Mail Receipt, dated September 15, 2003.

6.  Plaintiff initiated this action on June 22, 2006.

7.  Neither Plaintiff, nor Plaintiff's counsel, filed an administrative claim with the National Park Service prior to filing this action. *See* Exhibit 4, Declaration of Perri S. Rothemich ¶ 8.

8.  Neither Plaintiff, nor Plaintiff's counsel filed Standard Form 95, Claim for Damage, Injury or Death, with the National Park Service, prior to filing this action. *Id.* ¶ 9.

9.  Neither Plaintiff, nor Plaintiff's counsel, filed any documents with the National Park Service specifying Plaintiff's monetary damages prior to filing this action. *Id.* ¶ 10.

10. Neither Plaintiff, nor Plaintiff's counsel, responded to the National Park Service's request that "Mr. Youssef meet with our staff in the area of the incident to determine jurisdiction." *Id.* ¶ 11.

                                                                           Respectfully submitted,

                                                                             Jeffrey A. Taylor
                                                  JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                  United States Attorney

                                                                             Rudolph Contreras
                                                  RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                  Assistant United States Attorney

                                                                             s/Sherease Louis
                                                 SHEREASE LOUIS
                                                 Special Assistant United States Attorney
                                                 United States Attorney's Office
                                                 555 4th Street, N.W.
                                                 Washington, D.C. 20530
                                                 (202) 307-0895
                                                 sherease.louis@usdoj.gov

Of Counsel:
Alton E. Woods, Assistant Solicitor,
Perri S. Rothemich, Attorney-Adviser
U.S. Department of the Interior
1849 C. Street N.W.
Washington, D.C. 20240

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PIERRE YOUSSEF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 06-1140 (RWR) |
| | ) |
| **DISTRICT OF COLUMBIA,** | ) |
| | ) |
| and | ) |
| | ) |
| **UNITED STATES DEPARTMENT** | ) |
| **OF THE INTERIOR,** | ) |
| | ) |
| and | ) |
| | ) |
| **VMS, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Plaintiff, through counsel, seeks relief against Federal Defendant the United States Department of the Interior (the "Department") under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"), for injuries he alleges he sustained in an automobile accident that occurred on June 26, 2003.  The Federal Defendant is entitled to dismissal of all claims against it in this action, because Plaintiff failed to file a timely administrative claim with the appropriate federal agency within two years of the alleged incident, a prerequisite for seeking relief under the FTCA.  *See* 28 U.S.C. § 1346(B).  Plaintiff has therefore failed to exhaust his administrative remedies, and the statute of limitations for filing an administrative claim has now expired.  Because Plaintiff is now time-barred from filing an administrative claim in this matter, the Federal Defendant respectfully moves the Court to dismiss all claims against it in the instant

Complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

## ISSUES PRESENTED

1. Whether Plaintiff has exhausted his administrative remedies as required by the FTCA.
2. Whether the Court lacks subject matter jurisdiction over this Complaint.

## PROCEDURAL AND FACTUAL BACKGROUND

On September 11, 2003, the National Park Service received a letter, dated August 27, 2003, from Plaintiff's counsel. The letter referenced an automobile accident that allegedly occurred on June 26, 2003, and stated "Mr. Youssef intends to file a claim against the National Park Service, for its negligent maintenance of the area along outbound Canal Road." *See* Government Exh. 1, Plaintiff's Letter dated August 27, 2003. In a letter dated September 12, 2003, the National Park Service acknowledged receipt of Plaintiff's letter, and stated "[i]t is unknown whether this is an area administered by the National Park Service or the District of Columbia" and requested "that Mr. Youssef meet with our staff in the area of the incident to determine jurisdiction." *See* Government Exh. 2, Federal Defendant's Letter, dated September 12, 2003. The National Park Service's response included (1) instructions on how to file an administrative tort claim, and (2) an attachment, Standard Form 95, Claim for Damage, Injury or Death. *See* Government Exh.2, Federal Defendant's Letter dated September 12, 2003, Attachment "A". Plaintiff's counsel received the National Park Service's response on September 15, 2003, as evidenced by the Certified Mail Receipt attached as Exh. 3. *See* Government Exh. 3, Certified Mail Receipt, dated September 15, 2003. Plaintiff initiated this action on June 22, 2006, seeking "$250,000, plus appropriate pre-judgment interest, costs and expenses incurred."

Plaintiff's Compl. at 5.  Plaintiff subsequently failed to serve the Federal Defendant within 120 days of the date this action was filed.  Additionally, at no time prior or subsequent to initiating this action did Plaintiff, or Plaintiff's counsel, file with the National Park Service 1) an administrative claim, or 2) a Standard Form 95, Claim for Damage, Injury or Death, or 3) any other document specifying Plaintiff's monetary damages.  *See* Exh. 4, Rothemich Decl. ¶¶ 8-10.

## STANDARD OF REVIEW

**A.    Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1).**

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *District of Columbia Ret. Bd. v. United States*, 657 F. Supp. 428, 431 (D.D.C. 1987).  Although a plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations.  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  A motion under Rule 12(b)(1) may be decided on any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus materials outside the pleadings as appropriate, to resolve the question whether it has jurisdiction to hear the case.  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003); *Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992); *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987); *Borg-Warner Protective Servs. Corp. v. EEOC*, 81 F. Supp. 2d 20, 23 (D.D.C. 2000).

1. **The Doctrine of Sovereign Immunity**.

The doctrine of sovereign immunity operates as a jurisdictional bar to all suits against the United States except where such immunity is expressly waived by Congress. *See United States v. Testan*, 424 U.S. 392, 399 (1976). The sovereign immunity of the United States protects it and its agencies from suit absent an express waiver. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994); *United States v. Nordic Village*, 503 U.S. 30, 33-34 (1992) (waivers must be "unequivocally expressed"); *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Information Sys. & Network Corp. v. United States Department of Heath & Human Servs.*, 970 F. Supp 1, 3 (D. D.C. 1997) ("Defendants, as federal agencies, are immune from suit unless the government has expressly waived that immunity.") (citation omitted). As the Supreme Court has recognized, the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941); *see also, Alexander v. Americans United, Inc.*, 416 U.S. 752, 767 n.5 (1974) (Blackmun, J., *dissenting*).

2. **The Federal Tort Claims Act**

When a plaintiff seeks monetary relief for torts against the United States or a department of the United States, the only possible basis for relief is under the FTCA. The FTCA authorizes district courts to hear suits against the United States, but requires that a plaintiff file an administrative claim with the appropriate agency prior to initiating a suit. Specifically, the statute provides

> **§ 2675. Disposition by federal agency as prerequisite; evidence**
>
> **(a)** An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or

4

> omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.
>
> **(b)** Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2865.  Thus, the FTCA defines the terms upon which the United States may be sued and "absent <u>full compliance</u> with the conditions . . . placed upon its waiver, courts <u>lack jurisdiction</u> to entertain tort claims against it." *GAF Corp. v. United States*, 818 F. 2d 901, 904 (D.C. Cir. 1987) (emphasis added).  This command is "unambiguous" and courts are "not free to rewrite the statutory text" of the FTCA. *McNeil v. United States*, 508 U.S. 106, 111 (1993). "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process . . . The interest in orderly administration of [FTCA] . . . litigation is best served by adherence to the straightforward statutory command." *Id*. at 112; *see also Simpkins v. District of Columbia*, 108 F.3d 366, 371 (D.C. Cir. 1997) (district court has no jurisdiction to consider the merits of an FTCA suit once it determines that plaintiff has failed to file an administrative claim).

### B. Failure to State a Claim Upon Which Relief Can Be Granted Under Fed. R. Civ. P. 12(b)(6).

Under Rule 12(b)(6), the Court is to treat the complaint's well-pleaded factual allegations as true, *see Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993), and must grant a plaintiff "the benefit of all inferences that can be derived from the facts alleged," *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir.1979). As the Supreme Court recently clarified in *Bell Atlantic Corp. v. Twombly*,

> a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions . . . . [f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true . . . .

127 S. Ct. 1955, 1959 (U.S. May 21, 2007) (NO. 05-1126). In deciding the motion, the court may consider certain additional evidence. *See Arizmendi v. Lawson*, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

### C. The Summary Judgment Standard Under Fed. R. Civ. P. 56(c).

Rule 56(c) of the Federal Rules of Civil Procedure mandates summary judgment where "there is no genuine issue as to any material fact and...the moving party is entitled to judgment as a matter of law." *Washington Post Co. v. U.S. Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). A genuine issue of material fact is one that could change the outcome of the litigation. *See Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 243 (1986). While all

6

evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the nonmoving party - when faced with a summary judgment motion - has the burden of establishing more than the "mere existence of a scintilla of evidence" demonstrating a genuine issue in dispute for purposes of defeating the moving party's motion. *See Lester v. Natsios*, 290 F. Supp.2d 11, 19-20 (D.D.C. 2003), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250. As the Supreme Court stated, "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).

## ARGUMENT

**I.    The FTCA Does Not Allow Suits Against Individual Agencies.**

As an initial matter, the FTCA does not allow suits to be brought against government agencies. *See* 28 U.S.C. § 2679(a); *Cox v. Secretary of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction) (citing numerous cases); *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employer as opposed to the United States itself must be dismissed for want of jurisdiction"); *Stewart v. United States*, 655 F.2d 741, 742 (7th Cir. 1981); *Hagmeyer v. Department of Treasury*, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA claim against the Department of Treasury). Only the United States is subject to suit under this statute. Therefore, dismissal of Plaintiff's Complaint against the Department of the Interior is warranted, or, at a minimum, Plaintiff should amend the Complaint

to substitute the "United States" as the Federal Defendant for the claims asserted against the Department.

**II.     Plaintiff's Failure to Timely File An Administrative Claim is Fatal to His Tort Claim Against the United States.**

The FTCA mandates "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. §2401(b); *Kubrick v. United States*, 444 U.S. 111, 117-18 (1979) (noting that Courts are not to extend this waiver of sovereign immunity beyond what Congress intended); *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original) (citing numerous cases). *See also Willis v. United States*, 719 F.2d 608, 612 (2d Cir. 1983); *Schuler v. United States*, 628 F.2d 199, 201 (D.C. Cir. 1980). For purposes of the provisions of 28 U.S.C. § 2401(b), a claim is deemed presented as of the date it is received by the appropriate agency. *See* 28 C.F.R. § 14.2 (b)(1). Here, the National Park Service was the appropriate agency to receive an administrative claim. While Plaintiff notified the National Park Service of his intent to file an administrative claim, Plaintiff failed to actually file an administrative claim.[2] *See* Decl.

---

      [2] Although Plaintiff may attempt to argue that the letter from Plaintiff's counsel, dated August 27, 2003, is tantamount to a tort claim, it in fact does not constitute an administrative claim under the FTCA because, *inter alia*, it does not include a demand for a sum certain. *See GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987); *Erhard v. United States*, 1994 WL 196755 at *2 (D.D.C. 1994) (NHJ) (letters that did not demand payment from agency were not proper claims because FTCA requires more than mere notice of an accident or injury – it requires a demand for payment or relief); *Wardsworth v. United States*, 721 F.2d 503, 506 (5th Cir. 1983), *cert. denied* 469 U.S. 818 (1984) (sum-certain requirement not met despite plaintiff's claim form setting forth accident and types of injury suffered).

Rothemich ¶ 8-10. Merely notifying the National Park Service of Plaintiff's intent to file a claim is insufficient. *See McNeil v. U.S.*, 508 U.S. 106, 111 ("the command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agancy and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguaous."). Accordingly, Plaintiff has failed to exhaust his administrative remedies, and Plaintiff's claims should be dismissed for lack of subject matter jurisdiction. *Kubrick*, 444 U.S. at 117-18.

### III.     Plaintiff's Claims Against the United States Should Be Dismissed With Prejudice.

Further, the Court should dismiss Plaintiff's claims with prejudice, as Plaintiff is now statutorily barred from filing an administrative claim with respect to the June 26, 2003, incident, and equitable tolling does not apply in this case. *See Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990) (It is plaintiff's responsibility to "exercise due diligence in preserving his claim."). As the Supreme Court concluded in *Kubrick*, "we should also have in mind that the Act waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended." *Kubrick*, at 117. Moreover, "Section 2401(b), the limitations provision involved here, is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims." *Id.*[3]

---

[3]     The Supreme Court further noted that: "statutes of limitations, which are found and approved in all systems of enlightened jurisprudence, represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them. These enactments are statutes of repose; and although affording plaintiffs what

## CONCLUSION

Based on the foregoing reasons, the Department respectfully requests that the Plaintiff's claims against the Federal Defendant be dismissed.

Dated: June 20, 2007                                    Respectfully submitted,

                                                              Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

                                                              Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

                                                              s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895

Of Counsel:
Alton E. Woods, Assistant Solicitor,
Perri S. Rothemich, Attorney-Adviser
U.S. Department of the Interior
Washington, D.C. 20240

---

the legislature deems a reasonable time to present their claims, they protect defendants and the courts from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents, or otherwise." *Kubrick*, 444 U.S. at 117 (1979).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIERRE YOUSSEF, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06-1140 (RWR) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| and | ) |
| | ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, | ) |
| | ) |
| and | ) |
| | ) |
| VMS, INC., | ) |
| | ) |
| Defendants. | ) |

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, supporting Exhibits, and proposed Order was sent by the Court's Electronic Case Filing System, this 20th day of June, 2007 to:

| | |
|---|---|
| David P. Korteling, Esq.<br>Caplan, Buckner, Kostecka & Korteling, Chtd.<br>3 Bethesda Metro Center, Suite 530<br>Bethesda, MD 20814<br>Counsel for Plaintiff Pierre Youssef | James H. Vricos, Esq.<br>Assistant Attorney General<br>441 Fourth Street, N.W., 6th Floor South<br>Washington, D.C. 20001<br>Counsel for Defendant District of Columbia |
| Timothy E. Fizer, Esq.<br>Krause, Fizer, Crogan & Lopez<br>P.O. Box 926<br>Baltimore, MD 21203<br>Counsel for Defendant VMS, Inc. | |

/s/Sherease Louis
SHEREASE LOUIS