**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PIERRE YOUSSEF<br><br>    Plaintiff<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.<br><br>    Defendants. | Civil Action No. 06-1140 (RWR) |

**PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANT'S
MOTION TO DISMISS**

Plaintiff, through counsel, opposes the Federal Defendant's Motion to Dismiss (which is alternatively a motion for summary judgment) and states as follows:

**STANDARD OF REVIEW**

Summary judgment has often been described as an extreme remedy which is appropriate only where the pleadings, affidavits, depositions, and admissions, taken as a whole, reveal no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law.  See *Lamphier v. Washington Hosp. Ctr.*, 524 A.2d 729, 731 (D.C. 1987); *McCoy v. Quadrangle Dev. Corp.*, 470 A.2d 1256, 1258 (D.C. 1983); *Maddox v. Bano*, 422 A.2d 763, 764 (D.C. 1980).  Where the non-moving party demonstrates that there exists a genuine issue for trial, the motion must be denied.  *Anderson v. Jones*, 606 A.2d 185, 187 (D.C. 1992).

On a motion to dismiss, the plaintiff is given the benefit of all reasonable inferences derived from the facts alleged in the Complaint.  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C.Cir. 1994).

## STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 7h, Plaintiff does not dispute the facts set forth in the Defendant's statement of material facts as to which there is no genuine issue.

## ARGUMENT

**1.  Plaintiff's Complaint Can be Amended to Name the United States as a Defendant**

The Federal Defendant contends, first, that "the FTCA does not allow suits to be brought against government agencies." Defendant does not challenge service of process or that the United States has not been put on notice of the pendency of this action. The defect, if any, is at worst a misnomer, and Plaintiff should be granted leave to amend the Complaint to name the United States as the true party in interest.

**2.  The Period for Filing an Administrative Claim Should Be Equitably Tolled.**

The Federal Defendant contends that Plaintiff's notice to the Department of the Interior on August 27, 2003 does not constitute an administrative claim within the meaning of the FTCA. In response to that claim, the National Park Service acknowledged receipt of the correspondence, but stated that it was unable to determine whether the area was administrated by the National Park Service. (Government Exhibit 2).

Equitable tolling is appropriate where the defendant has "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English v. Pabst Brewing Co.,* 828 F.2d 1047, 1049 (4th Cir. 1987). To the extent that the National Park Service failed to acknowledge its responsibility for maintaining the area where the tree was located, Plaintiff was frustrated in his ability to present an administrative claim.

The doctrine of equitable tolling applies in this case. See *Chung v. U.S. Department of Justice*, 333 F.3d 273, 277 (D.C. Cir. 2003) (finding that a claim under the Privacy Act is sufficient similar to a traditional tort claim that the doctrine of equitable tolling would apply). The case at bar is a traditional tort claim in that it involves an allegation of negligence on behalf of the Federal Defendant.

Equitable tolling should apply to a situation where the Federal Defendant failed to accept responsibility for the area in which the accident occurred. In doing so, the Department of the Interior frustrated Plaintiff's ability to present an administrative claim prior to filing suit. The doctrine of equitable tolling should apply, and Plaintiff permitted to proceed with his claim.

WHEREFORE, Plaintiff prays that the Federal Defendant's Motion to Dismiss be denied.

Dated July 17, 2007

/s/ David P. Korteling
David P. Korteling (MD013151)
3 Bethesda Metro Center
Suite 530
Bethesda, MD 20814
(301) 718-1900
(301) 718-8359 (fax)
Dkorteling@caplanbuckner.com
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I certify that on July 17, 2007 a true copy of the foregoing was sent by the Court's electronic filing system to James A. Vricos, Assistant Attorney General, 441 Fourth Street, NW, Sixth Floor South, Washington, DC 20001, Timothy E. Fizer, Krause, Fizer, Crogan & Lopez, PO Box 926, Baltimore, MD 21203, and Jeffrey A. Taylor, Rudolph Contreras and Sherease Louis, 555 Fourth Street, NW, Civil Division, Washington, DC 20530.

/s/David P. Korteling
David P. Korteling