UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PIERRE YOUSSEF,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 06-1140 (RWR) |
| | ) |
| **DISTRICT OF COLUMBIA,** *et al.* | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The issue presently before the Court is whether equitable tolling of the statute of limitations in a Federal Tort Claims Act case is appropriate where Plaintiff, who has been represented by counsel at all times relevant to this cause of action, concedes that he 1) failed to ever file an administrative claim, 2) failed to exercise reasonable due diligence in investigating his claim, and 3) failed to comply with the federal agency's request to meet at the scene of the alleged accident to determine whether the National Park Service has jurisdiction over the area where the alleged accident occurred.  *See* Plaintiff's Opp. To Def. Motion to Dismiss at 2. Because equitable tolling is inappropriate under these facts, this case should be dismissed pursuant to Rule 12(b)(1) and 12(b)(6) of the Fed. R. Civ. P., for lack of jurisdiction and failure to state a claim upon which relief can be granted.

### BACKGROUND

Plaintiff seeks relief against the Federal Defendant, the United States Department of the Interior (the "Department"), under the Federal Tort Claims Act ("FTCA").[1] Plaintiff's untimely

---

[1] *See* 28 U.S.C. §§ 2671-2680.

Opposition, filed one day beyond his extended deadline to respond, admits and concedes each and every fact presented in Defendant's Statement of Material Facts As to Which There Is No Genuine Issue.[2] *See* Plaintiff's Opp. at 2, Statement of Material Facts. Despite the fact that Plaintiff never presented a claim at the administrative level, and thus failed to exhaust his administrative remedies, Plaintiff nevertheless attempts to argue that equitable tolling is appropriate in this case. *Id.* at 2-3. As grounds, Plaintiff argues that "[t]o the extent that the National Park Service failed to acknowledge its responsibility for maintaining the area where the tree was located, Plaintiff was frustrated in his ability to present an administrative claim." Plaintiff's Opp.at 2.

Plaintiff makes this jaw-dropping claim while simultaneously admitting that the National Park Service 1) forwarded all the appropriate claim forms and instructions to Plaintiff within three months of the date of the alleged accident, and 2) requested "that Mr. Youssef meet with our staff in the area of the incident to determine jurisdiction." *See* Government Exhibit 2, Federal Defendant's Letter, dated September 12, 2003; Plaintiff's Opp. at 2. Yet Plaintiff never filed a claim, and never complied with the National Park Service's request to meet to determine whether the National Park Service has jurisdiction over the area where the alleged accident occurred. Def. Statement of Material Facts ¶¶ 7-9. These undisputed facts do not demonstrate that the National Park Service has "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action," as Plaintiff implies. See Plaintiff's Opp at 2. Because the federal government is in no way responsible for Plaintiff's utter failure to file a

---

[2] See Docket Entry 21, Def. Motion to Dismiss and attached Statement of Material Facts As to Which There Is No Genuine Issue.

claim and exhaust his administrative remedies, Plaintiff's claims against the federal government must be dismissed.

## ARGUMENT

**I.      Equitable Tolling is Inappropriate Because the Plaintiff Failed to File A Claim at the Administrative Level.**

It is fundamental that a plaintiff is barred from suing the federal government and its agencies for monetary damages unless the government has waived its immunity. *Green v. DoD Dependent Schools-Europe, Slip Copy*, 2007 WL 1098712, *3 (April 11, 2007), *citing FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Clark v. Library of Cong.*, 750 F.2d 89, 102-03 (D.C. Cir. 1984); *Cronauer v. U.S.*, 394 F. Supp. 2d, 93, 96 (D.D.C. 2005). The FTCA provides a limited waiver of sovereign immunity provided administrative remedies are exhausted prior to filing suit. *See United States v. Kubrick*, 444 U.S. 111, 117-18 (1979)("[w]e should also have in mind that the Act waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended"); *Green v. DoD Dependent Schools-Europe*, 2007 WL 1098712 at *3 (D.D.C. 2007)(dismissing unexhausted FTCA claim). In order to initiate the claims process at the administrative level, a plaintiff is required to file a claim in writing with the appropriate agency within two years of the accrual of the claim. *See Cronauer v. U.S*, 394 F. Supp.2d 93, 103 (D.D.C. 2005) (dismissing untimely FTCA claim for lack of subject matter jurisdiction); *T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 964 (8th Cir. 2006)(no equitable tolling for failure to file a claim where the existence and cause of an injury are known.).

In this case, Plaintiff's claim is not only untimely, it was never even filed. There is no dispute that Plaintiff's claim accrued on June 26, 2003, the date he alleges he was injured. There is also no dispute that the National Park Service 1) requested that Plaintiff meet with the National Park Service at the scene of the alleged accident to determine whether the National Park Service has jurisdiction over the area where the alleged accident occurred; 2) mailed Plaintiff's counsel Standard Form 95, Claim for Damage, Injury or Death, along with instructions on how to file an administrative tort claim; and 3) that Plaintiff's counsel received the National Park Service's correspondence on September 15, 2003. *See* Docket Entry 21, Statement of Material Facts. There is also no dispute that no administrative claim was ever filed. *See* Def. Exhibit 4, Declaration of Perri S. Rothemich ¶ 8; Plaintiff's Opp. at 2.

Thus, Plaintiff has utterly failed to carry his burden of establishing by a preponderance of the evidence that this Court has jurisdiction over his claims. Further, Plaintiff has failed to provide any justifiable basis for equitably tolling the statute of limitations in this case. This is not a case where Plaintiff filed an untimely claim, or filed a timely claim against the wrong agency. Plaintiff never even filed a claim. Thus, there is no basis in equity for tolling the statute of limitations. *See Czernicki v. U.S. Dept. of Justice*, 137 Fed.Appx. 409, 411 (2nd Cir. 2005) (dismissing case for lack of subject matter jurisdiction where plaintiff failed to file a timely claim and presented no extraordinary circumstances to warrant tolling).

**II.    Equitable Tolling is Inappropriate Because the Plaintiff Failed to Exercise Reasonable Due Diligence.**

In *Czernicki*, the court noted that "the doctrine of equitable tolling" is applied in "rare and exceptional circumstances, where 'extraordinary circumstances' prevented a party from

timely performing a required act and that party "'acted with reasonable diligence throughout the period he [sought] to toll.'" *Id.* at 410; quoting *Doe v. Menefee*, 391 F.3d 147, 159-60 (2d Cir.2004).  Here, it is obvious that Plaintiff is attempting to mis-characterize the National Park Service's letter to Plaintiff's counsel, in an apparent attempt to place the blame for Plaintiff's failure to conduct due diligence on the federal government.  The National Park Service's letter simply states "[i]t is unknown whether this is an area administered by the National Park Service or the District of Columbia" and requests "that Mr. Youssef meet with our staff in the area of the incident to determine jurisdiction." *See* Plaintiff's Opp. at 2; Government Exhibit 2, Federal Defendant's Letter, dated September 12, 2003; Complaint at 7.  Plaintiff's counsel characterizes this communication as having somehow "failed to acknowledge its responsibility for maintaining the area where the tree was located."  It goes without saying that Plaintiff, or Plaintiff's counsel, had an obligation to respond to the National Park Service's request for a meeting at the scene of the accident to determine jurisdiction or, at the very least, an obligation to file a claim alleging that the National Park Service did have jurisdiction over the location.  Attempting to now blame the federal government for Plaintiff's failure to take an active role in his own litigation, and failure to conduct due diligence in a timely manner, does not merit extraordinary equitable relief. *See Garza v. United States Bureau of Prisons*, 284 F.2d 930, 935 (8th Cir. 2002)(where the government or its agents have not misled or deceived a plaintiff, the cause of action still accrues when the existence of an injury and its cause are known.).

**III.    Equitable Tolling is Inappropriate Because the Government Did Not Mislead or Deceive Plaintiff.**

The Supreme Court has conservatively and judiciously limited the application of the doctrine of equitable tolling to instances "'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Czernicki* at 410-411; *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Plaintiff alleges this cause of action should be equitably tolled, and implies that Defendant has "wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." Plaintiff's Opp at 2. As support for his position, Plaintiff curiously cites to *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir. 1987), a Title VII case involving an employee who filed an untimely age discrimination claim at the administrative level. In that case, the court of appeals decision affirmed the district court's decision, which denied the plaintiff's request for equitable tolling and granted the defendant's motion for summary judgment. The standard of review for equitable tolling set forth in *English v. Pabst Brewing Co.* is whether the plaintiff can demonstrate that the defendant misled the plaintiff and that the plaintiff reasonably relied on the defendant's misrepresentation. *Id.*

In this circuit, courts permit equitable tolling in FTCA cases "only in extraordinary and carefully circumscribed circumstances." *Norman v. U.S.*, 467 F.3d 773, 776 (D.C.Cir. 2006). These circumstances include inducement or trickery by a defendant and instances where "'despite all due diligence [a plaintiff] is unable to obtain vital information bearing on the existence of her claim."*Id., citing Smith-Haynie v. District of Columbia*, 155 F.3d 575, 580 (D.C. Cir. 1998),

6

quoting *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988). Here, there was no trickery or concealment by the federal government. In fact, the federal government performed its proper role by providing Plaintiff's counsel with the appropriate forms and instructions for filing a claim, and requesting that Plaintiff meet with the federal government at the scene of the alleged incident to determine jurisdiction. Of note, the National Park Service never denied jurisdiction over the scene and never discouraged Plaintiff from filing a claim. It was up to Plaintiff, and/or Plaintiff's counsel, to fill out the forms and file a claim, or to engage in due diligence before filing a claim, by meeting with the National Park Service to determine whether the federal government has jurisdiction over the area where the accident allegedly occurred. *See Norman v. U.S.*, 467 F 3d. 773, 776 (D.C. Cir. 2006)(upholding dismissal and denial of equitable tolling for failure to exercise due diligence); *see also Cronauer v. U.S.*, at 105 ("plaintiffs could have taken active measures to discover the responsible government agency much sooner than they did.").

As the *Cronauer* court noted,

> It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable." *Kubrick*, 444 U.S. at 125, 100 S.Ct. 352. Without having properly exhausted their administrative remedies in the manner mandated by the FTCA, there has been no waiver [of] the United States' sovereign immunity, "[a]nd waivers of sovereign immunity, the Supreme Court has repeatedly reminded us, must be narrowly construed." *Haase v. Sessions*, 893 F.2d 370, 373 (D.C.Cir.1990) (citations omitted).

*Id.* As the cases indicate, the FTCA puts the burden of inquiry on a plaintiff to investigate and pursue his claims. Where a Plaintiff fails, as is the case here, to file a claim or to provide the appropriate government agency with sufficient information about the claim, there can be no justifiable basis for equitably tolling the statute of limitations. Thus, Plaintiff's request for

7

equitable tolling should be denied, and Plaintiff's claims against the federal government should be dismissed.

## CONCLUSION

For the foregoing reasons, the Federal Defendant respectfully requests that the Plaintiff's claims against the Federal Defendant be dismissed.

Dated: July 24, 2007

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0895

Of Counsel:
Alton E. Woods, Assistant Solicitor,
Perri S. Rothemich, Attorney-Adviser
U.S. Department of the Interior
Washington, D.C. 20240

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PIERRE YOUSSEF,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No. 06-1140 (RWR) |
| ) | |
| **DISTRICT OF COLUMBIA,** *et. al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Certificate of Service**

I hereby certify that I caused a copy of the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss to be sent by the Court's Electronic Case Filing System, this 24th day of July, 2007 to:

| | |
|---|---|
| David P. Korteling, Esq.<br>Caplan, Buckner, Kostecka & Korteling, Chtd.<br>3 Bethesda Metro Center, Suite 530<br>Bethesda, MD 20814<br>Counsel for Plaintiff Pierre Youssef | James H. Vricos, Esq.<br>Assistant Attorney General<br>441 Fourth Street, N.W., 6th Floor South<br>Washington, D.C. 20001<br>Counsel for Defendant District of Columbia |
| Timothy E. Fizer, Esq.<br>Krause, Fizer, Crogan & Lopez<br>P.O. Box 926<br>Baltimore, MD 21203<br>Counsel for Defendant VMS, Inc. | |

/s/Sherease Louis
SHEREASE LOUIS